**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| RE: IN THE MATTER OF | ) | |
| | ) | |
| TRAVIS SCHEIBE KUBEC | ) | |
| | ) | CA. No. CPU4-18-001926 |
| TO | ) | |
| | ) | |
| TRAVIS DAWSON SCHEIBE-KUBEC | ) | |

Submitted: June 18, 2018
Decided: July 27, 2018

Julie H. Yeager, Esq.
2 Mill Road, Suite 105
Wilmington, DE 19806
*Counsel for Petitioner Natalie L. Scheibe*

Kyle A. Kubec
306 Decalb Avenue
Wilmington, DE 19804
*Respondent*

**ORDER AND DECISION ON
PETITION FOR NAME CHANGE FOR MINOR CHILDREN**

Dear Ms. Scheibe and Mr. Kubec:

A hearing for the above-referenced matter was held on June 18, 2018. This matter involves a request for a name change pursuant to Chapter 59 of Title 10 of the Delaware Code for a five-year-old child named Travis Scheibe Kubec ("Travis"). The petition requests that his name be changed to Travis Dawson Scheibe-Kubec, and was filed by his natural mother, Natalie L. Scheibe ("Ms. Scheibe"), who is pursuing the name change on his behalf. Mr. Kyle A. Kubec ("Mr. Kubec"), Travis' natural father, opposes the petition. At the hearing, the Court heard testimony from Ms. Scheibe, Mr. Kubec and Mrs. Barbara Cook ("Mrs. Cook"), Mr. Kubec's mother. At the conclusion of the hearing, the Court reserved decision. This is the Court's decision after the hearing.

Through the evidence introduced at the hearing, it was established that Ms. Scheibe and Mr. Kubec are the natural parents of Travis. Ms. Scheibe and Mr. Kubec have joint custody of Travis, but Ms. Scheibe has final decision authority. Ms. Scheibe has primary physical custody and is the primary caregiver of Travis. Mr. Kubec has visitation rights, which he usually exercises, on Tuesdays and Thursdays from 3:30pm to 7:15pm, and on Sundays from 7am to 7:15pm. Mr. Kubec currently has no overnight visitation rights, although he testified that over two to three years ago he took classes so he could have Travis overnight.

Mr. Kubec pays $310 a month in child support, but is currently over $5,000 in arrears. Mr. Kubec was paying child support for the year before a drug use incident led to a 20-day stay in an outpatient rehabilitation program in New York state and a three-to-four-month stint in a New Castle County outpatient rehab program. Mr. Kubec testified that he is currently clean and has been for a year. Mr. Kubec is currently unemployed and has been since June 2017, leading to his child support debt. Additionally, as a result of his drug use incident, Mr. Kubec had only supervised visitation rights in a family visitation center.

Ms. Scheibe believes that it is in the best interest of Travis to change his last name to Scheibe-Kubec and to add the middle name Dawson. Travis lives with Ms. Scheibe and with Ms. Scheibe's parents, who also share the last name Scheibe. Ms. Scheibe testified that she filed the petition because she provides everything to Travis. She provides health insurance, dental insurance, and vision insurance to Travis. Travis' maternal grandmother, Brenda Scheibe, provides secondary health insurance. Ms. Scheibe takes Travis to school and to his doctor's appointments. Ms. Scheibe also testified that she is not seeking to diminish the father's last name, but rather seeks to add her last name to Travis'. Ms. Scheibe further testified that Travis refers to himself as Travis Scheibe, privately and in school. In regards to adding Dawson as Travis' middle name, Ms. Scheibe testified that after going through various possible middle names, Travis choose Dawson as it would be his own name and different from others in his family.

Mr. Kubec opposes changing Travis' last name to Scheibe-Kubec because, when Travis was born, he and Mrs. Scheibe agreed to give him his dad's last name. Further, Mr. Kubec and Mrs. Cook both testified that Travis refers to himself as either Travis Scheibe Kubec or Travis Kubec. When asked during the hearing, Mr. Kubec expressed that he would not oppose changing Travis' last name to Kubec-Scheibe.

The legal standard for change of name petitions for minors for when a parent seeks to add his or her surname to the minor's surname is codified under 10 *Del C.* § 5904(b). 10 *Del C.* § 5904(b) states "[i]f a parent of a minor files a petition under this chapter and seeks to add that parent's surname to the minor's surname either as an additional name or hyphenated with the minor's previously-existing surname, there is a presumption in favor of granting the petition." If one of the parents opposes the petition to add the petitioning parent's surname, he or she "has the burden to overcome the presumption by establishing by clear and convincing evidence that the totality of the following factors demonstrates that granting the petition would cause the minor more harm than benefit:

1. The length of time that a surname has been used for or by the minor.
2. The minor's reasonable preference for a surname.
3. The effect of the change of the minor's surname on the preservation and development of the minor's relationship with each parent.
4. The identification of the minor as a part of the family unit or, if applicable, multiple family units." *Id.*

In regard to the previous factors, respectively, the Court finds that the record supports the following:

2

1. Travis is five years old. There was no testimony or evidence introduced as to how long he has used his full birth name or the name proposed by Ms. Scheibe.

2. After hearing testimony from Travis' parents, the Court finds that Travis has a reasonable preference for Scheibe as one of his surnames. Travis refers to himself as Travis Scheibe and as Travis Scheibe Kubec.

3. After hearing testimony from Travis' parents, the Court finds that changing Travis' surname would have no effect on the preservation and development of his relationship with each parent. Travis would still keep both of his parents' surname, who are both present in his life.

4. It is undisputed from the evidence introduced that both parents and their families are present in Travis' life. Travis currently lives with his mother and his maternal grandparents, and visits his father and his paternal grandmother. Therefore, there is no reason that the name change would negatively affect Travis' identity within his immediate maternal family unit and his paternal family unit. Adding Scheibe as one of Travis' surnames will be a positive for both him and his mother because it will help Travis better identify with his maternal family unit.

After considering all of the evidence and testimony, the Court agrees with Ms. Scheibe and finds that Mr. Kubec has failed to met the burden to overcome the presumption in favor of granting the petition by clear and convincing evidence. The name change would allow Travis to have both of his parents' last names, which will positively enforce his relationship and help him better identify with both of his family units. Further, there was no evidence presented that granting the name change would cause Travis more harm than benefit. Accordingly, the Court finds that the petition should be granted.

## CONCLUSION

For the reasons stated above, Travis Scheibe Kubec's Petition for Name Change is hereby **GRANTED. IT IS SO ORDERED** that the Petitioner from this day forward and for all purposes shall bear the name of **Travis Dawson Scheibe-Kubec.**

_____
The Honorable Robert H. Surles
Judge

3